```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

AVERY MASON,                    )
                                )
            Petitioner,          )
                                )
                                )
      v.                         )     Case No. 4:06 CV 1786 CDP
                                )                             DDN
                                )
DAVE DORMIRE,                    )
                                )
            Respondent.          )

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This action is before the court upon the petition of Missouri state prisoner Avery Mason for a writ of habeas corpus under 28 U.S.C. § 2554. The petition was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

Following a jury trial in the Circuit Court of the City of St. Louis, Mason was convicted on February 1, 2001, of one count of first degree burglary and two counts of third degree assault on victim Susan Zarlingo. (Doc. 12, Ex. B at 330.) Mason was sentenced to concurrent terms of 20 years for the first degree burglary conviction and 1 year for each third degree assault conviction. (Id. at 340.) The Missouri Court of Appeals affirmed Mason's convictions on January 29, 2002.[1] State v. Mason, 73 S.W.3d 637 (Mo. App. 2002).

### I. FEDERAL HABEAS PETITION

Mason originally commenced this action in the United States District Court for the Western District of Missouri. The action was transferred to this court. (Doc. 5 at 1-2.) In his petition, Mason alleges four

---

[1] On direct appeal, Mason alleged that: (1) the trial court erred in overruling his motions for judgment of acquittal at the close of the State's evidence and at the end of all of the evidence; (2) the trial court erred in refusing to submit the defense instruction on first degree trespass; and (3) the trial court erred in refusing to submit the defense instruction on self-defense. (Doc. 12, Ex. C at 11, 13, 15.)

grounds for relief:

1.  Mason received constitutionally ineffective assistance of counsel because trial counsel argued issues regarding trespassing and self-defense during closing arguments at trial without either a trespassing or self-defense instruction, which the trial court had refused to accept at the instructions conference. (Doc. 1 at 5-6.)

2.  Mason received constitutionally ineffective assistance of counsel because trial counsel failed to impeach Ms. Zarlingo, a State's witness. (Id. at 7-8.) Mason alleges that trial counsel failed to present two "important discrepancies" in Ms. Zarlingo's testimony to the jury. (Id. at 7.) First, Mason states that Ms. Zarlingo testified that Mason kicked open a heavy, locked door to enter the laundry room despite the State not presenting any evidence of forced entry at trial. (Id. at 7.) Second, Mason states that Ms. Zarlingo testified that her head was slammed against a wall and that she was punched in the head and face. (Id. At 7.) Mason alleges there was no evidence of a physical attack and that Ms. Zarlingo conceded at trial that her injuries were not that bad because she was just punched in the eye. (Id. at 7-8.)

3.  Mason received constitutionally ineffective assistance of counsel because trial counsel stated to the jury that it was uncontested that Mason was trespassing where the crimes took place, but that the assault committed by Mason was at most third degree assault. (Id. at 9-10.)

4.  Mason was denied constitutionally ineffective assistance of counsel because post-conviction counsel failed to include in the amended motion the grounds of relief Mason alleged in his pro se motion under Missouri Supreme Court rule 29.15. (Id. at 12.)

Respondent argues that Ground 1 is procedurally barred and without merit, (Doc. 10 at 4-5), that Grounds 2 and 3 are without merit (Doc. 10 at 8, 10), and that Ground 4 is not cognizable. (Doc. 10 at 10.)

## II. PROCEDURAL BACKGROUND
### A. Direct Review

The Missouri Court of Appeals described the facts proven at trial thus:

> On the evening of March 16, 2000, Susan Zarlingo (Zarlingo) was separating laundry in the laundry room located in the basement of her apartment building at 6236 Enright. Appellant kicked in the locked door to the laundry room and approached Zarlingo. Zarlingo described Appellant as being

-2-

five feet six or seven inches in height and about one hundred thirty pounds, and having light-colored eyes, light-skinned complexion, and reddish brown hair. He was wearing a dark coat, a black jacket, black pants and a ski cap. Zarlingo asked Appellant if she could help with something. Appellant did not respond, and kept walking toward Zarlingo. Zarlingo told Appellant that he was on private property, that he should not be there, and that he should leave.

Appellant continued toward Zarlingo with his hands held up as if he were going to grab Zarlingo's breasts. Appellant grabbed at Zarlingo and she pushed him away. Appellant came at her again and she screamed. Appellant then punched Zarlingo in the eye and hit her about the face and head. Zarlingo attempted to fight Appellant off while screaming, and as Appellant turned away, Zarlingo grabbed onto Appellant's jacket so as not to allow him to get away. Appellant pulled away from Zarlingo and smashed her head into the wall. Zarlingo grabbed Appellant's jacket again, and Appellant jerked his jacket away and kicked Zarlingo in the chest. Zarlingo fell down.

At this point, Zarlingo and Appellant were outside the laundry room on the steps that led out to the parking lot. Zarlingo got up to follow Appellant so she would be able to tell the police where he had gone. Appellant tried to go between two apartment buildings, but a large privacy fence blocked his escape. Appellant then went around the side of a building and climbed over a fence, telling Zarlingo, "I know where you live. I'll be back." Appellant continued west on Enright Street.

Zarlingo ran back to her apartment building, where a woman was in the parking lot on her cell phone with a 911 dispatcher. Zarlingo told the 911 dispatcher about the attack, that Appellant was still in the neighborhood and gave a description of him. Police officers responded to the scene, two from St. Louis City and two from University City. Zarlingo told the officers what had happened, described Appellant to the officers and showed them the laundry room, where they discovered Appellant's hat on the floor. The officers noticed that Zarlingo's left eye was swollen and red. Zarlingo refused medical treatment.

The officers determined that half of Zarlingo's apartment building was in University City and half was in St. Louis City. Because the portion of the building with the laundry room was in St. Louis City, the St. Louis City officers, Officers William Sarti (Sarti) and Mark Albright (Albright), took over the investigation. The University City officers, Officers Chris Nappier (Nappier) and Reggie Burks (Burks), began to canvass the area for Appellant. Nappier

found Appellant, who matched Zarlingo's description, walking
east on Delmar. Nappier detained Appellant and brought him to
an alley that runs between Enright and Delmar where Zarlingo
identified Appellant as the man who attacked her. Sarti
arrested Appellant, read him his Miranda rights, and drove him
to the police station.

Zarlingo testified at trial that she was sore for a
couple of days after the incident, that her chest was bruised
and she had a lump on her head. She also testified that her
eye swelled and her head ached, but that she did not seek
medical treatment.

(Doc. 12, Ex. E at 2-4.)

### B. Post-Conviction Relief Motion

Mason filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15.[2] (Doc. 12, Ex. F at 3-11.) Thereafter, Mason's counsel filed an amended Rule 29.15 motion and alleged two grounds for post-conviction relief: (1) Mason received ineffective assistance of counsel because trial counsel failed to impeach Ms. Zarlingo (id. at 23); and (2) Mason received ineffective assistance of counsel because trial counsel conceded that Mason was present at the crime scene, but had merely trespassed and perhaps committed third degree assault (id. at 28). An evidentiary hearing was held on October 7, 2004. (Id. at 1.) The motion was denied and the Missouri Court of Appeals affirmed the denial of relief. (Id. at 35-43; Doc. 12, Ex. J.)

### III. STANDARD OF REVIEW

This court's review of a state court decision is limited to situations when adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[2]Mason's pro se Rule 29.15 motion asserted three claims: (1) trial counsel failed to diligently seek to obtain a defense witness identified by Mason; (2) trial counsel failed to adequately prepare for trial by not challenging the credibility of victim Zarlingo; and (3) trial counsel wrongfully conceded to the jury that petitioner was present at the crime scene and had assaulted Ms. Zarlingo. (Doc. 12, Ex. F at 4.)

>     (2) resulted in a decision that was based on an unreasonable
>     determination of the facts in light of the evidence presented
>     in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Section 2254 limits the scope of federal review as a means of giving effect to Congress's intent to expedite habeas proceedings and provide the appropriate deference to state court determinations. Nicklasson v. Roper, 491 F.3d 830, 833 (8th Cir. 2007).

A state court decision is contrary to established federal law if it contradicts the governing Supreme Court cases on a question of law or if, when confronting facts "materially indistinguishable" from the facts addressed in a Supreme Court decision, it reaches a different result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an unreasonable application of clearly established federal law if, in the federal court's independent judgment, "the relevant state-court decision [not only] applied clearly established federal law erroneously or incorrectly [, but also did so] . . . unreasonabl[y]." Nicklasson, 491 F.3d at 834 (quoting Williams, 529 U.S. at 410-11). Under § 2254, federal courts are to presume the state court factual findings are correct. Id. The petitioner bears the burden of rebutting that presumption by clear and convincing evidence. Id.

## IV. DISCUSSION
### A. Ground 1

Mason first claims that he received constitutionally ineffective assistance of counsel because trial counsel argued trespassing and self-defense at trial without either a trespassing or self-defense instruction.

A petition for a writ of habeas corpus should be denied if the petitioner first fails to exhaust all remedies available in the state courts, trial and appellate. 28 U.S.C. § 2254(b) and (c); see Coleman v. Thompson, 501 U.S. 722, 731 (1991); Murray v. Carrier, 477 U.S. 478, 485-87 (1986). If a petitioner fails to exhaust his state remedies, then a procedural bar is created that prevents consideration of his claim under § 2254. Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997); Dawan v. Lockhart, 980 F.2d 470, 473 (8th Cir. 1992). Petitioner must

exhaust his state remedies in order to provide the state "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding" and to "correct that asserted constitutional defect in respondent's conviction." Pickard v. Connor, 404 U.S. 270, 276 (1971); accord Coleman, 501 U.S. at 732; Murray, 477 U.S. at 487.

Ground 1 is procedurally barred. Missouri Supreme Court Rule 29.15(a) provides the exclusive means of raising a claim of ineffective assistance of trial and appellate counsel, Mo. Sup. Ct. R. 29.15(a), and the rule provides a strict limitations period for the filing of such a motion, id. at R. 29.15(b). The specific factual and legal basis for a claim asserted in the habeas corpus petition must have been brought before the state court to satisfy the exhaustion requirement. Forest v. Delo, 52 F.3d 716, 721 (8th Cir. 1995). Mason failed to raise his federal Ground 1 claim in either his original pro se or the amended Rule 29.15 motions. (Doc. 12, Ex. F at 4, 23, 28.) Therefore, because the time for filing another Rule 29.15 motion has passed, Ground 1 is procedurally defaulted in the state court, Mo. Sup. Ct. R. 29.15(d), and is procedurally barred from being considered in this court.

Petitioner can overcome a procedural bar to habeas corpus consideration by demonstrating: (1) legally sufficient cause for the procedural default and "actual prejudice from the alleged constitutional violations"; or (2) that "failure to review the claim would result in a fundamental miscarriage of justice." Forest, 52 F.3d at 719; accord Coleman, 501 U.S. at 750. Petitioner can demonstrate legally sufficient cause by showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488; accord Coleman, 501 U.S. at 753; Dawan, 980 F.2d at 473. To establish prejudice, petitioner must show that errors at his trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494 (citing Untied States v. Frady, 456 U.S. 152, 170 (1982)). It is not enough for petitioner to show that errors at his trial created the possibility of prejudice. Murray, 477 U.S. at 494 (citing Frady, 456 U.S. at 170).

Petition must demonstrate his actual innocence in order to

demonstrate that failure to review Ground 1 would result in a fundamental miscarriage of justice as when the petitioner is actually innocent of the offenses. Sweet, 125 F.3d at 1152 (citing Schulp v. Delo, 513 U.S. 298, 316 (1995)). In order to support a claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence." Schulp, 513 U.S. at 324. Unless petitioner provides new and reliable evidence of actual innocence, the existence of a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally barred claim. Id. at 316.

Mason has not asserted legally sufficient cause or prejudice for not raising Ground 1 in his Rule 29.15 motions. Nor did he demonstrate that failure by this court to review Ground 1 would lead to a fundamental miscarriage of justice. In fact, Mason conceded in his habeas corpus petition that he "lacks sufficient evidence to prove his factual innocence." (Doc. 1 at 15.) Therefore, Ground 1 is procedurally barred.

Even if Ground 1 is not procedurally barred, it would fail on the merits. The Sixth Amendment guarantees the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685-86 (1984). In considering a claim of ineffective assistance of counsel, the court must determine whether counsel acted in such a manner as to undermine "the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. To successfully further a claim of ineffective assistance of counsel, Mason must show that: (1) counsel's representation was deficient and (2) the deficient representation prejudiced the defense. Id. Counsel's representation is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms.[3] Id. at 688;

---

[3]In considering counsel's representation, the court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Furthermore, the court must be highly deferential toward counsel and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

-7-

accord Williams, 529 U.S. at 390-91; Tokar, 198 F.3d at 1045. In order to demonstrate prejudice, Mason must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[4] Strickland, 466 U.S. at 694; accord Williams, 529 U.S. at 391; Tokar, 198 F.3d at 1045.

Since Mason did not raise Ground 1 in his post-conviction relief motion, the Missouri Court of Appeals did not consider whether Mason was denied effective assistance of counsel because trial counsel argued trespassing and self-defense during closing arguments despite not having either a self-defense or trespassing instruction. (Doc. 12, Ex. F at 35-44.) However, the Missouri Court of Appeals made findings of fact relevant to Ground 1. (Id.) This court should presume that the state court's findings of fact are correct. 28 U.S.C. § 2254(e)(1). Mason has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

During the post-conviction motion hearing, trial counsel explained his decision to "push" the theory that Mason had engaged in trespassing and had acted in self-defense. (Doc. 12, Ex. G at 49.) First, trial counsel decided to push the trespassing theory as a means of refuting the allegation that Mason committed a burglary. (Id. at 57.) Trial counsel denied that he argued during closing arguments that Mason committed a trespass. (Id. at 64.) Trial counsel explained: "I didn't get the instructions. I couldn't argue that in front of the jury. I argued it wasn't a burglary." (Id.) Second, trial counsel decided to try to get the self-defense instruction even though it was unlikely to succeed since Mason could not testify due to his prior convictions. (Id. at 56.) Trial counsel testified that Mason agreed with this defense strategy. (Id. at 49.) However, Mason testified that he never discussed trial strategy with trial counsel. (Id. at 13.) The Missouri Circuit Court found Mason's testimony not credible. (Doc. 12, Ex. F at 43.)

---

assistance." Id.

[4] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Mason cannot show that trial counsel's representation was deficient in order to satisfy the first prong of Strickland. First, trial counsel did not argue trespassing or self-defense during closing arguments. (Doc. 12, Ex. B at 316-22.) During closing arguments at trial, trial counsel merely stated that "[t]here was not a burglary." (Id. at 317.) Trial counsel argued Mason lacked the requisite intent to assault Ms. Zarlingo in order to be convicted of burglary under Mo. Rev. Stat. § 569.160. (Id. at 318.) Second, trial counsel's decision to argue that the State failed to prove Mason had the requisite intent for battery was a reasonable trial strategy. "Choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel." Williams v. Bowersox, 340 F.3d 667, 669 (8th Cir. 2003) (citing State v. Henderson, 826 S.W.2d 371, 378 (Mo. Ct. App. 1992)). Mason has failed to show that trial counsel's decision to argue that Mason did not commit battery fell below an objective standard of reasonableness according to prevailing professional norms. Strickland, 466 U.S. at 688.

Ground 1 is procedurally barred and without merit.

### B. Ground 2

In Ground 2, Mason claims that he received constitutionally ineffective assistance of counsel because trial counsel failed to impeach Ms. Zarlingo as a witness with two inconsistencies in her testimony. (Doc. 1 at 7-8.)

Ground 2 also is procedurally barred. Mason failed to allege in his original pro se or amended Rule 29.15 motions the two inconsistencies he alleges in federal habeas Ground 1. Instead, Mason alleges three other inconsistencies in the Rule 29.15 motions.[5]

---

[5] In his amended Rule 29.15 motion, Mason alleged that Ms. Zarlingo initially stated that Mason slammed her head into an outside wall, but later testified that he slammed her head on an inside wall. Second, Mason claimed that Ms. Zarlingo changed her testimony about whether he was intoxicated at the time of the incident. Finally, Mason argued that Ms. Zarlingo stated in her deposition that she identified Mason from a foot away, when an officer testified at trial that he saw Ms. Zarlingo identify Mason "anywhere from 20 feet to 7 to 10 feet away." (Doc. 12, Ex. H at 19-20.)

Therefore, Ground 2 is procedurally barred.

Mason cannot overcome the procedural bar because he has not asserted legally sufficient cause or prejudice for not raising these two specific inconsistencies in his Rule 29.15 motions. Nor did Mason demonstrate that this court's failure to review Ground 2 would result in a fundamental miscarriage of justice. Ground 2 is procedurally barred.

Even if Ground 2 is not procedurally barred, it would fail on the merits. Mason cannot demonstrate that counsel's decision to not impeach Ms. Zarlingo was deficient or that the decision prejudiced the defense. Strickland, 466 U.S. at 687; accord Williams, 529 U.S. at 390; Tokar, 198 F.3d at 1045.

Mason first alleges that Ms. Zarlingo's testimony that Mason kicked open the heavy, locked door was not supported by the State's evidence. (Doc. 1 at 7.) Ms. Zarlingo testified at trial that defendant kicked open the door to the laundry room. (Doc. 12, Ex. B at 250, 276, 281.) During trial, the state relied on the testimony of Ms. Zarlingo, Officer Nappier, and Officer Sarti. (Doc. 12, Ex. B.) Officers Nappier and Sarti's testimony focused on the description of the suspect as provided by Ms. Zarlingo and the identification process. (Id. at 202-11, 225, 230-33.) Officers Nappier and Sarti could not testify to how Mason entered the laundry room because they were not witnesses to the crime. "The testimony of one witness is sufficient to sustain a conviction." State v. Armstrong, 968 S.W.2d 154, 156 (Mo. Ct. App. 1998); accord State v. Williams, 652 S.W.2d 102, 111 (Mo. 1983). Therefore, trial counsel's decision to not impeach Ms. Zarlingo on this alleged inconsistency did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Nor can it be said that, but for trial counsel's decision to not impeach Ms. Zarlingo based on this alleged inconsistency, the result of the proceedings would have been different. See Strickland, 466 U.S. at 694; accord Williams, 529 U.S. at 391. The state was not required to prove how the suspect entered the laundry room in order to prove that he was guilty of

burglary[6] or assault.[7]  Therefore, the first inconsistency alleged by Mason cannot support a finding that he received ineffective assistance of counsel.

Mason's next allegation is that Ms. Zarlingo testified that she suffered injuries to her head and face, but later conceded during trial that she was merely punched in the eye. (Doc. 1 at 7.) Mason is correct in his statement that Ms. Zarlingo testified she "couldn't see the point of having an ambulance come over just because I got punched in the eye." (Doc. 12, Ex. B at 271.) However, Ms. Zarlingo also testified at trial that she suffered "a pretty good size knot on [her] head," "a pretty good headache," "a big bruise on [her] chest," and a very swollen, black and blue eye. (Id. at 256, 256-58, 270-71.) Thus, Mason's second alleged inconsistency is not supported by the record.

Without attempting to impeach Ms. Zarlingo as a witness, trial counsel questioned the severity of Ms. Zarlingo's injuries during his closing arguments. Trial counsel argued that Ms. Zarlingo's injuries were not as severe as she alleged because she followed Mason from the laundry room and she failed to seek medical attention even in the days or months following the incident. (Id. at 320-22.) Once again, choice of witnesses and defense tactics are considered matters of trial strategy and usually cannot form the basis of a claim of ineffective assistance of counsel. Williams, 340 F.3d at 669 (citing Henderson, 826 S.W.2d at 378). In Hall v. Luebbers, the Eighth Circuit found that the Missouri Supreme Court reasonably determined that counsel's decision not

---

[6]Mo. Rev. Stat. § 569.160 provides: a person commits burglary in the first degree if "he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime: (1) Is armed with explosives or a deadly weapon or; (2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or (3) There is present in the structure another person who is not a participant in the crime." Mo. Rev. Stat. § 569.160.

[7]Mo. Rev. Stat. § 565.050 provides: "a person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Mo. Rev. Stat. § 565.050.

to impeach the state witness due to her inconsistent testimony qualified as "a strategic decision based on an evaluation that more harm than benefit would come from its use at trial." Hall v. Luebbers, 269 F.3d 685, 694 (8th Cir. 2002).

Trial counsel made a strategic decision not to impeach Ms. Zarlingo as a witness. This decision could have been based on a decision by trial counsel that Mason's allegations of inconsistencies were not supported by the record. Alternatively, trial counsel could have also decided that impeaching Ms. Zarlingo would have caused more harm than benefit as in Hall v. Luebbers. During the post-conviction motion hearing, trial counsel explained that he decided not to impeach Ms. Zarlingo based on other inconsistencies alleged by Mason because doing so would not have advanced any legal theory for the defense. (Doc. 12, Ex. G at 53.) The testimony of Ms. Zarlingo was corroborated by both Officer Nappier and Officer Sarti. Their testimony regarding the description of the suspect, the identification process, and her injuries was consistent. (Doc. 12, Ex. B.) Regardless of the reasoning for not impeaching Ms. Zarlingo, trial counsel made a strategic decision. Therefore, this alleged inconsistency by Mason cannot support a finding that he received ineffective assistance of counsel.

Ground 2 is procedurally barred and without merit.

### C. Ground 3

Third, Mason claims he received constitutionally ineffective assistance of counsel because trial counsel stated to the jury in closing argument that it was uncontested that Mason trespassed where the crimes took place, but that the assault committed by Mason was at most third degree assault. (Doc. 1 at 9-10.) Once again, the controlling federal law for determining whether counsel was constitutionally ineffective is Strickland. This court must determine if the Missouri Court of Appeal's decision was either "contrary to, or involved an unreasonable application of" Strickland. Williams, 529 U.S. at 391; Bell, 535 U.S. at 698.

The Missouri Court of Appeals reasonably rejected Mason's claim that trial counsel rendered ineffective assistance of counsel when he

conceded Mason's guilt without allegedly first obtaining Mason's consent. Mason claimed that trial counsel effectively entered guilty pleas without his consent in violation of Alexander v. State.[8] (Doc. 12, Ex. H at 24-25.) The Missouri Court of Appeals refused to accept Mason's argument that Alexander prohibited trial counsel from conceding Mason's guilt to third degree assault because he was actually charged with third degree assault. (Doc. 12, Ex. J at 4). The Missouri Court of Appeals reasoned:

> First, Alexander supports a finding that Counsel was not ineffective in conceding that Movant committed third degree assault at trial. As in Alexander, here the State presented ample evidence that Movant was at the scene and had physical contact with Victim which resulted in her injuries. Counsel was similarly faced with a lack of alternative defense options and made a strategically prudent decision when he conceded that Movant committed a misdemeanor assault. Although we acknowledge that Movant was charged in another count with third degree assault, he was also charged with first degree assault. Thus, since the jury ultimately convicted Movant of two counts of third degree assault, Counsel's strategy allowed Movant to avoid convictions of first degree assault and armed criminal action.

(Id. at 5.) By arguing that Mason had committed first degree trespassing and perhaps third degree assault, trial counsel reasonably sought to reduce the potential sentence Mason would face if convicted.[9]

Furthermore, the Missouri courts reasonably found that Mason had

---

[8]Alexander v. State, 782 S.W.2d 472 (Mo. Ct. App. 1990) (holding that trial counsel's decision to concede defendant's guilt during closing arguments was a reasonable tactical decision due to the State's overwhelming evidence against defendant).

[9]Mo. Rev. Stat. § 569.160 provides that burglary in the first degree is a Class B felony, which carries a potential sentence of 5 to 15 years. Mo. Rev. Stat. § 569.160. In contrast, trespassing in the first degree is a Class B Misdemeanor, which carries a potential sentence of not more than 6 months. Mo. Rev. Stat. § 569.140. Assault in the first degree is a Class B Felony or a Class A Felony, which carries a potential sentence of 10 to 30 years or life imprisonment. Mo. Rev. Stat. § 565.050. In contrast, assault in the third degree is a Class C Misdemeanor, which carries a potential sentence of not more than 15 days. Mo. Rev. Stat. § 565.070. Mo. Rev. Stat. § 571.015 provides that a person convicted of armed criminal action should be imprisoned for not less than three years for his first offense. Mo. Rev. Stat. § 571.015.

consented to trial counsel's defense strategy of conceding his guilt. Trial counsel has the duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Strickland, 466 U.S. at 668. During the post-conviction motion hearing, both Mason and trial counsel testified about their discussions of trial strategy. Despite Mason claiming that he did not discuss trial strategy or defenses with trial counsel, the circuit judge found trial counsel's testimony credible. (Doc. 12, Ex. G at 5, 12-13; Doc. 12, Ex. J at 5.) In considering a habeas corpus petition, this court should presume "a determination of a factual issue made by a State court" to be correct. 28 U.S.C. § 2254(e)(1). Mason failed to meet his burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Therefore, it is presumed that the court correctly found that trial counsel's testimony was credible. According to trial counsel, Mason agreed to focus on the trespassing and the third degree assault defense strategy because "that would be a year in jail and he could lose at trial on the served misdemeanors and pretty much have time served in." (Doc. 12, Ex. G at 49.) Trial counsel further testified that it appeared to him that Mason understood the defense strategy. (Id. at 50.) Trial counsel fulfilled his obligation to consult with Mason about "important decisions," including questions of overarching defense strategy. Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Strickland, 466 U.S. at 688). The Missouri courts reasonably found that trial counsel provided effective assistance of counsel when he conceded Mason's guilt to trespassing and third degree assault.

Ground 3 is without merit.

### D. Ground 4

Finally, Mason claims that he received constitutionally ineffective assistance of counsel because post-conviction motion counsel failed to include in the attorney-drafted amended Rule 29.15 motion the grounds of relief alleged in Mason's pro se motion. (Doc. 1 at 12.) According to 28 U.S.C. § 2254(i), ineffectiveness of counsel during a federal or state collateral post-conviction proceeding cannot serve as grounds for

relief. 28 U.S.C. § 2554(i). Furthermore, there is no Sixth Amendment right to counsel in these proceedings. <u>Coleman</u>, 501 U.S. at 752; <u>Armstrong v. Iowa</u>, 418 F.3d 924, 927 (8th Cir. 2005). Therefore, Mason cannot claim he received ineffective assistance of counsel based on the Rule 29.15 amended motion filed on his behalf. <u>Coleman</u>, 501 U.S. at 752.

Ground 4 is without merit.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that the petition of Avery Mason for a writ of habeas corpus be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 17, 2008.